UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:05-cr-0080-SEB-TAB |
| | ) | |
| JACKIE L. PATTON, | ) | - 03 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 28, 2017, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 24, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 24, 2017, defendant Jackie L. Patton appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Brad Shepard, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Patton of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Patton questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Patton and his counsel, who informed the court they had reviewed the Petition and that Mr. Patton understood the violations alleged. Mr. Patton waived further reading of the Petition.

3. The court advised Mr. Patton of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Patton was advised of the rights he would have at a preliminary hearing. Mr. Patton stated that he wished to waive his right to a preliminary hearing.

4. Mr. Patton stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Patton executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Patton of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Patton, through his counsel, advised that he wanted to waive his right to a hearing and admit the alleged violations. The court asked Mr. Patton a series of questions to ensure his decision was knowing and voluntary.

7. Mr. Patton, by counsel, stipulated that he committed Violation Number 1 and 2 set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |
| | On August 15, 2017, after initiating a narcotics investigation, Bloomington, Indiana, Police Department discovered approximately 4 ounces of methamphetamine, a firearm, and a large sum of money in a vehicle occupied by Mr. Patton. According to the police report, Mr. Patton admitted additional methamphetamine and another firearm was inside his residence, which law enforcement obtained a search warrant and seized the items. This investigation is ongoing. |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | Mr. Patton tested positive for amphetamines on January 11, 2017, and March 29, 2017, and he admitted methamphetamine use each time. |

8. The court placed Mr. Patton under oath and directly inquired of Mr. Patton whether he admitted violation 1 and 2 of his supervised release set forth above. Mr. Patton admitted the violations as set forth above.

9. The Government orally moved to dismiss violation 3 upon approval of the Report and Recommendation.

10. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Patton's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of Mr. Connor's supervised release, therefore, is 46 - 57 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The government argued for a sentence within the guidelines with no supervised release to follow. The defendant argued for a sentence of twenty-four months or less with continued supervision upon release from the Bureau of Prisons. Defendant requested placement in the MRT program.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JACKIE L. PATTON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and for the reasons stated on the record, he is sentenced to the custody of the Attorney General or his designee for a period of forty-six (46) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Patton stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Patton entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Patton's supervised release, imposing a sentence of imprisonment of forty-six (46) months, with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 11/2/2017

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal